```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WAM SINGAPORE PRIVATE LIMITED,              :
                                            :
                Plaintiff,                  :       08 Civ. 0044(VM)
                                            :
        - against -                         :       ECF CASE
                                            :
BALAJI COKE INDUSTRY PVT. LTD.,             :
                                            :
                Defendant.                  :
------------------------------------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO RECOGNIZE, CONFIRM AND ENFORCE ARBITRATION AWARD
## AND ENTER DEFAULT JUDGMENT AGAINST DEFENDANT

LENNON, MURPHY & LENNON, LLC
*Attorneys for Plaintiff*
WAM SINGAPORE PRIVATE LIMITED
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050
Facsimile (212) 490-6070

Coleen A. McEvoy (CM2831)

# TABLE OF CONTENTS

STATEMENT OF FACTS ...........................................................................................................1

ARGUMENT .................................................................................................................................5

PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT SHOULD BE
GRANTED.....................................................................................................................................5

    1.    Default judgment should entered against Defendant as it has been given due notice of the proceedings and has failed to appear or defend in the action..............................................................................................................5

    2.    The Final Partial Arbitration Award Should be Recognized and Confirmed within this Motion for Default Judgment.......................................................6

    3.    Plaintiff's Request for Attorneys Fees and Costs Should be Granted........................................................................................................10

CONCLUSION..........................................................................................................10

# TABLE OF AUTHORITIES

**CASES**                                                              **PAGES**

*Danish Fur Breeders Association v. Olga Furs, Inc., Hatzis Bro.s,* 1
990 U.S. Dist. LEXIS 4779, at 4 (S.D.N.Y1990)..............................................5

*Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95-96 (2d Cir. 1993)............................5

*Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.,* 157 F.3d 174
(2d Cir. 1998)...........................................................................................9

*Willemijn Houdstermaatschappig v. Standard Microsystems Corp.,* 103 F.3d 9, 12
(2d Cir. 1997)...........................................................................................9

*Thailia Maritime Co. Ltd. v. Compania Trasatlantica Espanola, S.A.,* 06 Civ. 2690
(LAP)(S.D.N.Y. 2006)...............................................................................10

## PROCEDURAL RULES

Federal Rule of Civil Procedure Rule B(1) and (2) of the Supplemental
Rules for Certain Admiralty and Maritime Claims...............................................6

Federal Rule of Civil Procedure, Rule 55..........................................................6

9 U.S.C. § 201, Art. I, 330 U.N.T.S. at 38.........................................................6

9 U.S.C. § 202...........................................................................................7

9 U.S.C. § 1..............................................................................................7

9 U.S.C. § 2..............................................................................................7

9 U.S.C. § 203...........................................................................................8

9 U.S.C. § 204...........................................................................................8

28 U.S.C. § 207.........................................................................................9

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WAM SINGAPORE PRIVATE LIMITED,          :
                                        :
                    Plaintiff,          :       08 Civ. 0044(VM)
                                        :
        - against -                     :       ECF CASE
                                        :
BALAJI COKE INDUSTRY PVT. LTD.,         :
                                        :
                    Defendant.          :
------------------------------------------------------------X
```

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECOGNIZE, CONFIRM AND ENFORCE ARBITRATION AWARD AND ENTER DEFAULT JUDGMENT AGAINST DEFENDANT

Plaintiff herein, WAM SINGAPORE PRIVATE LIMITED (hereinafter referred to as "Plaintiff"), by its undersigned counsel, Lennon, Murphy & Lennon, LLC, submits the within Memorandum of Law in support of its Motion for Default Judgment against Defendant BALAJI COKE INDUSTRY PVT. LTD., (hereinafter referred to as "Defendant"). Plaintiff also submits the within Memorandum of Law in support of its request that the Court recognize and confirm the underlying interim final arbitration award rendered against Defendant as a judgment of this Court and grant Plaintiff the attorneys fees and costs incurred in this action. As Defendant has been given due notice of the instant action, yet has failed and refused to appear or otherwise defend, Plaintiff's motion for default judgment should be granted and the underlying arbitration awards recognized and confirmed as a judgment of this Court.

### FACTS

At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and existing under foreign law. Plaintiff was at all material times the Owner of the motor vessels (1) LAKE TEGA/contract date March 4, 2005; (2) AMADEUS/contract date April 20, 2005; (3)

SEA VENUS/contract date March 24, 2005; and (4) PACIFIC PRIMATE/contract date July 26, 2005 (hereinafter the "Vessels").

Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law.

By a charter party dated December 21, 2006, Plaintiff chartered the Vessels to Defendant for the carriage of coking coal from Australia to India. The underlying dispute arises from, *inter alia,* Defendant's failure to pay freight and demurrage due and owing to Plaintiff under the charter party. Despite due demand, Defendant failed to pay or otherwise secure Plaintiff's claim. Therefore, Plaintiff initiated arbitration proceedings in London against Defendant on its claim.

The arbitration proceedings between the parties were held pursuant to a valid arbitration clause set forth in the charter party contracts described above. Clause 5 of each of the charter party contracts provides:

> "If any dispute or difference should arise under this Charter, same to be referred to three parties in the City of London"

Paragraphs 28 and 29 of the fixture recapitulation message for the "LAKE TEGA" (which was used as a pro forma for the other charterparty contracts) provided:

> "28.   This negotiation/trade to be made in accordance with English law, English law to apply.
> 29.    Arbitration at London as English law."

On February 5, 2007, a Partial Arbitration Award was rendered in Plaintiff's favor. *See Final Partial Award annexed to the accompanying Affidavit of Coleen A. McEvoy ("McEvoy Affidavit") as Exhibit "1."* In the Partial Award, the arbitrator directed Defendant to pay the

2

Plaintiff the sum of $623,387.25 and £9,725.00, together with interest at the rate of 7% per annum, compounded quarterly, from August 23, 2006 until the date of payment.

Furthermore, Defendant Balaji was directed to pay the cost of the Partial Arbitration Award. The arbitrators assessed the cost of the Final Partial Arbitration Award in the amount of £2,400.00 which converts to the sum of $4,488.60, together with interest at the rate of 7.25% per annum, compounded quarterly, from February 5, 2007 until the date of payment. *See McEvoy Affidavit Exhibit "1."*

To date Plaintiff has been awarded the following amounts in the London arbitration:

| | | |
|---|---|---|
| A. | Principal claim: | $623,387.25; |
| B. | Attorneys' fees of £9,725.00: | $18,186.24; |
| C. | Interest on principal claim and attorneys' fees at 7% compounded quarterly from August 23, 2006 through date of payment (Plaintiff estimates date of enforcement/payment will be August 23, 2009): | $148,635.55; |
| D. | Arbitrator's fees of £2,400: | $4,488.60 |
| E. | Interest on arbitrator's fees at 7.25% compounded quarterly from February 5, 2007 through date of reimbursement by Defendant (Plaintiff estimates date of enforcement/payment will be August 23, 2009): | $901.72 |
| **Total:** | | **$795,599.36** |

This action was commenced on January 3, 2008 by the filing of a Verified Complaint that included a prayer for an Ex-Parte Order for Process of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8. *See Verified Complaint annexed to the McEvoy Affidavit as Exhibit "2."*

3

On the same day, the Court issued an Ex-Parte Order of Maritime Attachment and Garnishment. The Ex-Parte Order authorized the Plaintiff to attach Defendants' property up to the sum of **$796,957.53**, located within this judicial district and belonging to the Defendant. *See Ex-Parte Order annexed hereto as Exhibit "3."* The Ex-Parte Order and Process of Maritime Attachment and Garnishment ("PMAG") named garnishee banks believed to have assets due and owing to the Defendant. The Ex-Parte Order and PMAG were served upon the banks.

Pursuant to the Ex-Parte Order and PMAG, Defendants' funds are being restrained in the total amount of $225,000.00. Particularly, Defendant's property was attached at Standard Chartered Bank in the sum of $50,000.00 on or about February 5, 2008, and at American Express Bank in the sum of $175,000.00 on or about February 20, 2008.

Defendant was given due notice of the instant action before this Court. On February 13, 2008, Defendant was advised by letter, sent by International Registered Mail, Return Receipt, that that an order of maritime attachment had been obtained on Plaintiff's behalf authorizing attachment in New York of any of Defendants' assets. *See Letter dated February 13, 2008 annexed to the McEvoy Affidavit as Exhibit "5"*

The letter notified Defendant that Plaintiff had successfully attached monies at American Express Bank in the sum of $50,000.00. All pleadings filed in the instant action, including the Summons and Complaint, were sent to the Defendant with this letter. The Return Receipt confirmed that the letter was received by Defendant on February 23, 2008. *See Affidavit of Service annexed to the McEvoy Affidavit as Exhibit "6."*

A further notice of attachment were sent to the Defendant by return receipt mail and. *See Notice of Attachment annexed to the McEvoy Affidavit as Exhibit "7."*

4

Despite the notices provided, Defendant failed to appear in this action or file a responsive pleading. In its Verified Complaint, Plaintiff prayed for the issuance of Process of Maritime Attachment and Garnishment as well as an order from this court recognizing, confirming and enforcing the English arbitration awards in Plaintiff's favor pursuant to 9 U.S.C. §§ 201 *et seq.* In addition, Plaintiff prayed for such other, further and different relief as the Court may deem just and proper. *See Exhibit "2" annexed to the McEvoy Affidavit.*

Plaintiff now moves for default judgment to be entered against Defendant. By the same motion, Plaintiff also requests that the underlying arbitration award rendered against Defendant on February 5, 2007 be recognized and confirmed as a judgment of this Court. Plaintiff further requests that it be awarded the attorney's fees and costs of this action. For the reasons stated herein, Plaintiff's motion for default judgment, request to recognize and confirm the arbitration awards and request for attorneys' fees and costs should be granted.

## ARGUMENT

### PLAITIFF'S MOTION FOR JUDGMENT BY DEFAULT SHOULD BE GRANTED

1. **Default judgment should entered against Defendant as it has been given due notice of the proceedings and has failed to appear or defend in the action**

"In Federal Practice, a defendant having been served with process who fails to make timely appearance or answer is subject to judgment by default under Rule 55(a)." *See Danish Fur Breeders Association v. Olga Furs, Inc., Hatzis Bro.s*, 1990 U.S. Dist. LEXIS 4779, at *4 (S.D.N.Y 1990); *see also* Fed. R. Civ. P. 55; *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). In addition, Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that default judgment may be entered upon proof that the plaintiff

5

has given notice to the defendant by mailing the complaint, summons, and process of attachment, using any form of mail requiring a return receipt notice. Rule B(2)(b) of the Supplemental Rules for Certain Admiralty & Maritime Claims provides as follows:

> (2) Notice to Defendant. No default judgment may be entered except upon proof- which may be by affidavit- that: (b) the plaintiff or the garnishee has mailed to the defendant the complaint, summons, and process of attachment or garnishment, using any form of mail requiring return receipt;

*Id.*

Here, Defendant was duly notified of the attachment on or about February 13, 2008 when it received the notice of attachment and copies of all pleadings filed in the action. Accordingly, as the requirements of Rule B(1) and (2) of the Supplemental Rules for Certain Admiralty and Maritime Claims have been met, and Defendant has failed to make an appearance, Plaintiff is entitled to default judgment under Rule 55 of the Federal Rules of Civil Procedure. A proposed default judgment order accompanies Plaintiff's moving papers. *See Proposed Order Directing Default Judgment annexed to the McEvoy Affidavit as Exhibit "8."*

### 2. The Final Partial Arbitration Award Should be Recognized and Confirmed within this Motion for Default Judgment

The Court should recognize and confirm the final partial arbitration award issued in Plaintiff's favor and against Defendant in London arbitration pursuant to the New York Convention. The New York Convention applies to awards "not considered domestic awards in the state where their recognition and enforcement are sought." 9 U.S.C. § 201, Art. I, 330 U.N.T.S. at 38.

### a. The Agreement to Arbitrate

Under the Convention, as implemented by the FAA, to enforce the arbitral award the party seeking such enforcement must show that the arbitration agreement and award fall within the purview of the FAA. As stated in 9 U.S.C. § 202, arbitration agreements or awards must be commercial to be within the coverage of the FAA. Commerce is broadly defined by 9 U.S.C. § 1 to mean "commerce among the several states or with foreign nations." The arbitration clause, reprinted *supra*, contained in the charter party between Plaintiff and Defendant arose out of a legal relationship considered to be commercial and covered transactions involving commerce as defined by 9 U.S.C. § 2 and thus falls under the umbrella of the FAA. 9 U.S.C. § 202 provides in pertinent part as follows:

> Sec. 202 - Agreement or award falling under the Convention.
> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract or agreement described in section of this title, falls under the Convention.
>
> 9 U.S.C. § 202.

As stated above, Plaintiff and Defendant agreed to submit their respective claims to binding London arbitration pursuant the charter party contracts. Therefore, under 9 U.S.C. § 2, this Court may properly recognize, confirm and enforce the final partial arbitral award rendered in Plaintiff's favor and against Defendant because the agreement to arbitrate was set forth in a contract for transactions in commerce and expressly recognized by the FAA.

Based on the foregoing, therefore, the final arbitral awards are non-domestic awards to which the New York Convention applies and are appropriate for recognition, confirmation and enforcement by this Honorable Court.

### b. Jurisdiction

This Court has jurisdiction over this proceeding under the New York Convention. 9 U.S.C. § 203 provides that the district courts of the United States have original jurisdiction over actions or proceedings falling under the Convention. 9 U.S.C. § 203.

By reason of the plain import of the New York Convention, there can be no dispute regarding this Court's jurisdiction over this proceeding.

### c. Venue

This Court is a proper venue under 9 U.S.C. § 204, which states "an action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought ..." 9 U.S.C. § 204.

The United States District Court for the Southern District of New York is an appropriate venue because Defendant's property is being held under attachment in the hands of the garnishees, Citibank, American Express Bank and Standard Chartered Bank in the sum of $225,000.00 pursuant to an Ex Parte Order of Maritime Attachment and Garnishment dated January 3, 2008 issued by this Court. Thus, this Court is a competent authority and constitutes proper venue for this proceeding.

### d. Proceeding to Confirm the Arbitration Awards

The Convention at § 207 provides the procedural mechanism by which Plaintiff may enforce the Final Arbitration Awards. This section provides as follows:

§ 207. Award of arbitrators; confirmation; jurisdiction; proceeding
Within three years after an arbitral award falling under this Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in said Convention.

28 U.S.C. § 207.

Plaintiff instituted the instant action in the Southern District of New York on January 3, 2008 to enforce the Final Partial Arbitral Award. As the Final Award was issued on February 5, 2007, Plaintiff began the process of enforcing the Final Partial Award well before three years had elapsed. Thus, Plaintiff's Petition is timely.

Furthermore, as set forth above, this Court has jurisdiction over this proceeding and Plaintiff is entitled to an Order granting the Motion. Plaintiff respectfully submits that there exist no grounds under the New York Convention upon which this Court could refuse or defer recognition and enforcement of the final arbitration awards. In any event, the burden of proof rests upon a party resisting enforcement. *See, Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 175 (2d Cir. 1998); *Willemijn Houdstermaatschappig v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)("the showing required to avoid summary confirmation of an arbitration award is high and a party moving to vacate the award has the burden of proof").

In light of the foregoing, Plaintiff respectfully submits that the arbitral award is subject to recognition and enforcement pursuant to the New York Convention and should be recognized and confirmed as a judgment of this Court.

### 3. Plaintiff's Request for Attorneys Fees and Costs Should be Granted

Despite due demand, Defendant has failed to pay the amounts due and owing under the valid arbitration award. Where the defendant has defaulted, it is within the Court's discretion to grant a plaintiff's request for the attorneys' fees and costs incurred in bringing a Rule B action. *See Judgment dated August 14, 2006 in Thailia Maritime Co. Ltd. v. Compania Trasatlantica Espanola, S.A.,* 06 Civ. 2690 (LAP)(S.D.N.Y. 2006)(awarding the "costs of obtaining the Rule B attachment and making the instant application to confirm the London arbitration award, entry of judgment, and execution thereon").

Here, the Defendant has defaulted and has otherwise failed to pay the amounts due and owing under the binding arbitration award. *See Certificate of Default annexed to the McEvoy Affidavit as Exhibit "9."* Thus, Plaintiff requests that the Court award it the attorneys' fees and costs incurred in seeking to recover those amounts. Plaintiff has incurred attorney's fees and costs in the approximate amount of $12,700.00 in obtaining/maintaining the Rule B attachment, making the instant application to confirm the English arbitration award and seeking the entry of default. Plaintiff expects to incur an additional $900.00 in attorney's fees and costs to confirm the awards, obtain default judgment and execute upon the funds restrained in New York.

As the equities are in Plaintiff's favor and Defendant has defaulted in this action, Plaintiff's request for attorney's fees and costs in the amount of $13,600.00 should be granted.

### CONCLUSION

As Defendant, BALAJI COKE INDUSTRY PVT. LTD, has never appeared in this action despite having been served notice of the attachment of its property, Plaintiff is entitled to default judgment in the instant action, including an award of the attorney's fees and costs incurred

herein. Furthermore, as the underlying arbitration awards are final and binding, Plaintiff respectfully requests that the awards be duly recognized, confirmed and enforced and that judgment be rendered in its favor and against the Defendant in the total sum of **$809,199.36.** *Please find the Statement of Damages annexed to the McEvoy Affidavit as Exhibit "10."*

Should Plaintiff's motion be granted, pursuant to CPLR 5230 and F.R.C.P. Supp. Adm. B(3)(a), Plaintiff further requests an Order directing the garnishee banks to turn over Defendant BALAJI COKE INDUSTRY PVT. LTD's funds in the amount of $225,000.00 to Plaintiff's counsel or at Plaintiff's counsel's direction. *Please find the proposed Turn Over Order annexed to the McEvoy Affidavit as Exhibit "11."*

Dated: New York, NY
       August 25, 2008

                                    The Plaintiff,
                                    WAM SINGAPORE PRIVATE LIMITED

By:    _____
        Coleen A. McEvoy
        Charles E. Murphy
        LENNON, MURPHY & LENNON, LLC
        The GrayBar Building
        420 Lexington Ave., Suite 300
        New York, NY 10170
        (212) 490-6050 /(212)490-6070 (fax)
        cam@lenmur.com
        cem@lenmur.com

## AFFIRMATION OF SERVICE

I hereby certify that on August 25, 2008, a copy of the foregoing will be filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

Service of the foregoing is being made on Defendant BALAJI COKE INDUSTRY PVT. LTD via express courier pursuant to Rule B(2)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

_____
Coleen A. McEvoy